UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4300-PSG (AGRx) | Date | September 4, 2018 |
|---|---|---|---|
| Title | Jennifer Quinn-White, et al. v. Novartis Pharmaceuticals Corporation | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | XTR 09/04/2018 | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs | | Attorneys Present for Defendants |
| Cari B LaSala, Connor G Sheehan, | | Matthew J Malinowski, Mark A. Miller, |

**Proceedings:**  **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION**

Case is called. Counsel state their appearances.

On July 16, 2018, Plaintiff filed a motion to compel production of documents and information.[1] (Dkt. No. 95.) On August 6, 2018, Defendant Novartis Pharmaceuticals Corp. ("Novartis") filed an opposition. (Dkt. No. 106.) On August 13, 2018, Plaintiff filed a reply. (Dkt. No. 109.) The matter came on for hearing on September 4, 2018.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff Jennifer Quinn-White alleges that she suffered severe adverse drug reactions – Stevens-Johnson syndrome ("SJS") and toxic epidermal necrolysis ("TEN") – after taking carbamazepine, a generic version of Novartis' brand name medication Tegretol. Plaintiff seeks documents as to whether Novartis was aware that (1) Tegretol has a dangerous propensity to cause SJS/TEN; and (2) a stronger warning was required than that contained in Tegretol's label at the time Plaintiff was prescribed Tegretol (but received a generic version manufactured by another company).

### A. Trileptal

Plaintiff requests four categories of information about Trileptal (oxcarbazepine), a different

---

[1] At oral argument, Plaintiff withdrew the portion of her motion directed to Interrogatory Nos. 11, 12 and 17 in light of her request for production of organization charts for certain committees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4300-PSG (AGRx) | Date | September 4, 2018 |
|---|---|---|---|
| Title | Jennifer Quinn-White, et al. v. Novartis Pharmaceuticals Corporation | | |

antiepileptic drug sold by Novartis that was not prescribed to Plaintiff. The four categories of information at issue are: (1) SJS occurring in Trileptal clinical trials; (2) SCAR comparative risk assessments for Trileptal versus Tegretol; (3) EuroSCAR and RegiSCAR analysis of Trileptal and Tegretol; and (4) documents relating to Dear Healthcare Provider Letters that Novartis sent to prescribing physicians regarding the risk of SCAR from Trileptal. (Motion at 71.)

In *Brunston v. Bayer Healthcare Pharm., Inc.*, EDCV 13-1904 FMO (DTBx) (C.D. Cal. May 16, 2014), the plaintiff alleged injury from the drug Avelox. (Motion Exh. 3, Pltf. Appx. 91.) The court granted the motion to compel production of documents for Avelox, other brand names of Avelox, and the generic version of Avelox, moxifloxacin. The court denied the motion to compel production of documents related to "similar" drugs. (*Id.* at 94, 100); *see also Hodges v. Pfizer, Inc.*, CV 14-4855 ADM/TNL (D. Minn. Dec. 17, 2015) (Motion Exh. 4, Pltf. Appx. at 118) (denying motion to compel documents regarding children's single-ingredient ibuprofen product when plaintiff alleged injury from adult Advil, a single ingredient ibuprofen product).

The court agrees with the reasoning of *Brunston*. Discovery regarding Trileptal is not proportional to the needs of this case. There is no showing that discovery about Trileptal is important to the resolution of this action. Therefore, the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

### B. *Possession, Custody or Control*

Novartis objects to producing documents that are exclusively in the possession, custody or control of its parent, Novartis AG, and not accessible to Novartis. (Opp. at 10 n.26.)

"'Control is defined as the legal right to obtain documents upon demand.'" *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). "[P]roof of theoretical control is insufficient; a showing of actual control is required." *Id.*; *Id.* at 1108 ("Because C&L-US does not have legal control over C&L-Switzerland's documents, [plaintiff] could not compel C&L-US to produce those documents."). The Ninth Circuit rejected the argument that the test should focus on a party's "practical ability to obtain the requested documents" and whether the parent has voluntarily furnished the subsidiary with documents and information in the past. *Id.* at 1107-08.

Plaintiff relies on cases that are wholly inapposite to this issue. In *DaCosta v. Novartis*, 242 F. Supp. 2d 765 (D. Or. 2002), plaintiff sued Novartis AG and Novartis Pharmaceuticals Corp. Novartis AG filed a motion to dismiss for lack of personal jurisdiction and refused to comply with jurisdictional discovery served pursuant to Federal Rules of Civil Procedure. The court overruled Novartis AG's objections and ordered narrowly tailored jurisdictional discovery to proceed against Novartis AG under the Federal Rules of Civil Procedure. The court found that Novartis AG produced court orders finding no personal jurisdiction but failed to produce two court orders that found personal jurisdiction. The court determined that the failure on the part of the attorney before it was at most negligent and granted the motion for readmission *pro hac vice*. *Id.* at 766-77. The *DaCosta* case is irrelevant to the issues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4300-PSG (AGRx) | Date | September 4, 2018 |
|---|---|---|---|
| Title | Jennifer Quinn-White, et al. v. Novartis Pharmaceuticals Corporation | | |

before this court. Novartis AG is not a party to this action and is not called upon to respond to a document request served under Rule 34 or Rule 45.

Similarly, the decision in *In re Phenylpropanolamine Prods. Liab. Litig.*, 344 F. Supp. 2d 686 (W.D. Wash. 2003), involved Novartis AG's motion to dismiss the complaint against it for lack of personal jurisdiction. The issue was whether Novartis AG had minimum contacts with the forum such that maintenance of the suit against it did not offend traditional notions of fair play and substantial justice. *Id.* at 690. The court found, based on the evidence before it, that the plaintiff had made a prima facie showing that Novartis Pharmaceutical Corp. was an agent of Novartis AG and that its purposeful contacts in Oregon could be imputed to Novartis AG. *Id.* at 691-95.

The question before this court, however, is not whether the parent, Novartis AG, exerts control over its subsidiary, Novartis Pharmaceutical Corp. The question before this court is whether Novartis Pharmaceutical Corp. has "actual control" such that it has the legal right to obtain documents from its parent, Novartis AG, upon demand.

To make this determination, district courts have examined "the actual relationship between two corporations and guard against not just fraud and deceit, but also sharp practices, inequitable conduct, or other false and misleading actions whereby corporations try to hide documents or make discovery of them difficult." *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 306 (D.N.C. 1998). District courts have examined several factors that "focus on the other corporation's actual control or inferred control, including any 'complicity' in storing or withholding documents. They include (a) commonality of ownership, (b) exchange or intermingling of directors, officers or employees of the two corporations, (c) exchange of documents between the corporations in the ordinary course of business, (d) any benefit or involvement by the non-party corporation in the transaction, and (e) involvement of the non-party corporation in the litigation." *Id.* However, [w]hen the order compelling documents is not based on actual control, but on the inferred control and complicity prong, the court will more likely tie the scope of the request to the extent of the complicity. This should help to regulate concerns over unfairness and burdensomeness when actual legal ability to control is not present." *Id.* at 307.

Plaintiff does not present evidence that raises a reasonable inference that Novartis Pharmaceuticals Corp. has the legal right to obtain documents from Novartis AG upon demand. Rather, Plaintiff cites Novartis AG's annual report for 2017 to argue that "Novartis AG, a holding company, owns or controls directly or indirectly all entities worldwide belonging to the Novartis Group." (Reply Exh. 7 at 136, 241 (listing Novartis Pharmaceuticals Corp. as a principal subsidiary controlled by Novartis AG).) Plaintiff does not identify anyone on the 2017 Board of Directors of Novartis AG or its Board committees who overlaps with Novartis Pharmaceuticals Corp. (*Id.* at 161, 171-74, 246.) On Novartis AG's 10-member executive committee, which is responsible for oversight of operational management, Plaintiff identifies one person, Paul Hudson, who is CEO of Novartis Pharmaceuticals Corp. (*Id.* at 175, 178.) In 2016, Novartis AG apparently restructured and, among other things, created a business units, Novartis Pharmaceuticals Corp., that would report to the Novartis CEO and have a seat

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4300-PSG (AGRx) | Date | September 4, 2018 |
|---|---|---|---|
| Title | Jennifer Quinn-White, et al. v. Novartis Pharmaceuticals Corporation | | |

on the executive committee. (*Id.* at 244, 247.) There does not appear to be any other overlap.[2] Nor is there any evidence of Novartis AG's involvement in this litigation. Plaintiff attaches emails indicating that Novartis AG requests information from Novartis Pharmaceuticals Corp. about Tegretol. (*Id.*, Attachments P, Q, R & passim.) However, such a showing is insufficient in this Circuit. *In re Citric Acid Litig.*, 191 F.3d at 1107-08; *Ehrlich v. BMW of N. Am., LLC*, 2011 U.S. Dist. LEXIS 90215, *2-*3 (C.D. Cal. May 2, 2011).

It is not clear from the papers what documents Plaintiff seeks that are not within Novartis Pharmaceuticals Corp.'s possession, custody or control. For example, many of the databases mentioned in the papers appear to be accessible to Novartis Pharmaceuticals in the ordinary course of business. The only obvious category is Plaintiff's request that the custodians include three employees of Novartis AG: Dr. David Lewis, Donna Kupranycz and Dr. Connie Berlin. Plaintiff's motion to compel Novartis Pharmaceuticals to search the files of these three custodians is denied. To be clear, Novartis Pharmaceuticals must still produce otherwise responsive documents from these three persons to the extent they exist in files accessible to Novartis Pharmaceuticals. To the extent Plaintiff seeks to compel Novartis Pharmaceuticals to search any other files of Novartis AG, her motions is denied.

    **C.**    ***Document Requests***

Novartis states that it is producing documents from "all NPC employees known to have or have had Tegretol-related responsibilities." (Opp. at 6.) Novartis agreed to use Plaintiff's search terms to search files 2013 to the present. (Exh. 46 at 1838-1841) At oral argument, counsel for Novartis advised that it had previously searched for responsive documents about Tegretol or carbamazepine without limiting the search using Plaintiff's search terms. The court ordered counsel to confer about the mechanism Novartis used to account for misspellings.

At oral argument, the court stated that it was difficult to discern from the papers whether there were disputes about specific document categories and, if so, the nature of those disputes. Part of the problem is that counsel did not use the same terminology to refer to databases or document categories.

The court identified Novartis' objection to produce the source documents from its REDI, CREDI and pharmacovigilance database ARGUS. (Opp. at 8.) The court overruled the objection to production of source documents in electronic databases, with the understanding that redaction would necessitate additional time for production of this category. *See Adams v. Merck Sharp & Dohme Corp.*, 721 Fed. Appx. 580, 583 (9th Cir. 2017) (finding abuse of discretion in denying discovery of adverse event source documents and databases despite burden of redacting identifying information of patients). The court sustained the objection as to production of source documents in hard copy format. Defense counsel agreed to determine whether Novartis had searched a database called DRAGON, which apparently contains documents regarding labeling changes for Tegretol, and a database of scientific

---

[2] Some of the documents attached to Reply Exh. 7 are not authenticated by a declaration and it is unclear how they relate to the issue before the court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4300-PSG (AGRx) | Date | September 4, 2018 |
|---|---|---|---|
| Title | Jennifer Quinn-White, et al. v. Novartis Pharmaceuticals Corporation | | |

literature.

The court denied the motion to compel the production of budget information from 2009-2014 based on defense counsel's representation that Novartis will not assert a lack of funds in its defense of the allegations in this case.

As to the remaining document request categories, Plaintiff agreed to provide defense counsel with a list of document categories believed to be missing from Novartis' production or incomplete. Defendant will then provide a written response and include bates stamp numbers if it contends the document categories have already been produced.

### D. *Redaction and Privilege Logs*

Plaintiff requests that Novartis provide redaction and privilege logs. Fed. R. Civ. P. 26(b)(5). Novartis agreed. (Opp. at 6 n.15.) The court stated that the redaction log need not include the source documents, described above, that will be produced with the patient or reporter identifying information redacted.

### E. *Order*

IT IS ORDERED that Plaintiff's motion to compel is GRANTED IN PART as follows:

1. On or before Monday, September 10, 2018, Plaintiff shall provide defense counsel with a list of document categories that are believed to be missing or incomplete in Novartis' document production.

2. On or before Monday, September 17, 2018, Novartis shall provide a written response to the list.

3. A further telephonic hearing on Plaintiff's motion to compel is set for September 24, 2018, at 2:00 p.m. Prior to that hearing, counsel shall confer regarding any outstanding disputes in an effort to eliminate or narrow those disputes. Such conference shall include (a) Novartis' mechanism to search for misspellings of Tegretol or carbamazepine;

4. Novartis shall produce a redaction and privilege log on or before October 15, 2018.

5. In all other respects, Plaintiff's motion to compel is denied.

1:15

Initials of Preparer    kl