1  Connor G. Sheehan
   Texas Bar No. 24046827
2  csheehan@dunnsheehan.com
3  William D. Dunn
   Texas Bar No. 24002023
4  ddunn@dunnsheehan.com
   **DUNN SHEEHAN LLP**
5  3400 Carlisle Street, Suite 200
   Dallas, Texas 75204
6  Phone: 214.866.0077
7  Fax: 214.866.0070
   * *Admitted pro hac vice*
8
   Karen Barth Menzies
9  State Bar No. 180234
10 kbm@classlawgroup.com
   **GIBBS LAW GROUP LLP**
11 400 Continental Blvd., 6th Floor
   El Segundo, California 90245
12 Phone: 510.350.9700
   Fax: 510.350.9701
13
14 **ATTORNEYS FOR PLAINTIFFS**

15          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
16

17 JENNIFER QUINN-WHITE and KERRY ) Cause No. 2:16-CV-04300-PSG-AGR
   WHITE,                        )
18                               )
           Plaintiffs,           ) **CONSENT CONFIDENTIALITY**
19                               ) **ORDER**
       vs.                       )
20                               ) Judge: Philip S. Gutierrez
21 NOVARTIS PHARMACEUTICALS      ) Courtroom: 6A
   CORPORATION,                  )
22                               )
           Defendant.            )
23 _____  )

24         The parties to this Consent Confidentiality Order have agreed to the terms

25 of this Order; accordingly, it is ORDERED:

26         **1.  Scope.**  All documents produced in the course of discovery, including

27 initial disclosures, all responses to discovery requests, all deposition testimony and

28 exhibits, other materials which may be subject to restrictions on disclosure for

---

**AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 1**

good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROJECTIVE ORDER but only after review of the documents by an attorney or a party appearing *pro se* who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, Plaintiffs medical information and records, trade secrets, personnel records, or commercial information. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**4. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such

1   designation shall be specific as to the portions to be designated CONFIDENTIAL
2   - SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall
3   be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE
4   ORDER at the time of the deposition. Deposition testimony so designated shall
5   remain CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER until thirty
6   days after delivery of the transcript by the court reporter. Within thirty days after
7   delivery of the transcript, a designating party may serve a Notice of Designation to
8   all parties of record as to specific portions of the transcript to be designated
9   CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those
10  portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO
11  PROTECTIVE ORDER pending objection under the terms of this Order. The
12  failure to serve a Notice of Designation shall waive the CONFIDENTIAL -
13  SUBJECT TO PROTECTIVE ORDER designation made on the record of the
14  deposition.
15       **5. Protection of Confidential Material.**
16       **(a) General Protections.** Documents designated CONFIDENTIAL -
17       SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or
18       disclosed by the parties, counsel for the parties or any other persons
19       identified in ¶5(b) for any purpose whatsoever other than to prepare for and
20       to conduct discovery and trial in this action, including any appeal thereof
21       **(b) Limited Third-Party Disclosures.** The parties and counsel for the
22       parties shall not disclose or permit the disclosure of any CONFIDENTIAL -
23       SUBJECT TO PROTECTIVE ORDER documents to any third person or
24       entity except as set forth in subparagraphs (1)-(6). Subject to these
25       requirements, the following categories of persons may be allowed to review
26       documents that have been designated CONFIDENTIAL - SUBJECT TO
27       PROTECTIVE ORDER:
28

**AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 3**

**(1) Counsel.**  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.**  Parties and employees of a party to this Order but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

**(3) Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

**(4) Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(5) Consultants and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed

1  by persons acknowledging their obligations under this Order for a period of
2  six years from the date of signing.

3  **(d) Copies.**   Prior to production to another party, all copies, electronic
4  images, duplicates, extracts, summaries or descriptions (hereinafter referred
5  to collectively as "copies") of documents designated as CONFIDENTIAL -
6  SUBJECT TO PROTECTIVE ORDER under this Order, or any individual
7  portion of such a document, shall be affixed with the designation
8  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word
9  does not already appear on the copy. All such copies shall thereafter be
10  entitled to the protection of this Order. The term "copies" shall not include
11  indices, electronic databases or lists of documents provided these indices,
12  electronic databases or lists do not contain substantial portions or images of
13  the text of confidential documents or otherwise disclose the substance of the
14  confidential information contained in those documents.

15  **(e) Inadvertent Productions.**   Any party who inadvertently fails to mark
16  documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
17  shall, upon discovering the oversight, provide written notice of the error and
18  substitute appropriately designated documents. Any party receiving such
19  improperly designated documents shall retrieve such documents from
20  persons not entitled to receive those documents and, upon receipt of the
21  substitute documents, shall return or destroy the improperly designated
22  documents. The inadvertent production by any Party shall not result in a
23  waiver of any of the foregoing protections or any applicable privilege,
24  immunity, or confidential designation for the inadvertently produced
25  document or any other document produced in this matter.

26  **6. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
27  **Documents Under Seal.**   Before any document marked as CONFIDENTIAL –
28  SUBJECT TO PROTECTIVE ORDER is filed with the Clerk, the party filing the

document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, a confidential document may be electronically filed with an Application for Leave to File under Seal only in accordance with Local Rule 79-5. If the contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version.

**7. No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**8.    Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party").   The following procedure shall apply to any such challenge.

**(a) Objection to Confidentiality.** Within 30 days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

until designated otherwise by waiver, agreement or order of the Court. The objection shall include a request to meet and confer with the designating party.

**(b) Obligation to Meet and Confer.**  In compliance with L.R.37-1, the objecting party and the party which designated the documents to which objection has been made shall have ten (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Obligation to File Motion.**  In the absence of agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which objection was made.

**(d) Local Rules 37-1 and 37-2.**  Any motion brought pursuant to this paragraph and/or challenging a designation of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be made in strict compliance with the Magistrate Judge's procedures on the Court's website.

**9. Action by the Court.**  Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion. Any motion challenging a designation of

AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 7

1  CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be made in strict
2  compliance with

3      **10. Use of Confidential Documents or Information at Trial.**  This Order
4  does not govern the disclosure of information at trial.  Information used at trial
5  shall become public absent a separate court order upon motion with a legally
6  sufficient showing.

7      **11. Obligations on Conclusion of Litigation.**

8      **(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this
9  order shall remain in force after dismissal or entry of final judgment not
10 subject to further appeal.

11     **(b) Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE**
12 **ORDER Documents.**  Within thirty days after dismissal or entry of final
13 judgment not subject to further appeal, all documents treated as
14 CONFIDENTIAL – SUBJECT TO PROTECTIVE  ORDER under this Order,
15 including copies as defined  in ¶ 5(d), shall be returned to the producing party
16 unless: (1) the document has been offered into evidence or filed without
17 restriction as to disclosure; (2) the parties agree to destruction in lieu of
18 return; or (3) as to documents bearing the notations, summations, or other
19 mental impressions of the receiving party, that party elects to destroy the
20 documents and certifies to the producing party that it has done so.
21 Notwithstanding the above requirements to return or destroy documents,
22 counsel may retain attorney work product, including an index which refers
23 or relates to information designated CONFIDENTIAL - SUBJECT TO
24 PROTECTIVE ORDER, so long as that work product does not duplicate
25 verbatim substantial portions of the text or images of confidential
26 documents. This work product shall continue to be CONFIDENTIAL -
27 SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may
28 use his or her work product in a subsequent litigation provided that its use

---

**AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 8**

1  does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE
2  ORDER documents.

3  **12. Order Subject to Modification.**   This Order shall be subject to
4  modification by the Court on its own motion or on motion of a party or any other
5  person with standing concerning the subject matter.

6  **13. No Prior Judicial Determination.**  This Order is entered based on the
7  representations and agreements of the parties and for the purpose of facilitating
8  discovery.  Nothing herein shall be construed or presented as a judicial
9  determination that any documents or information designated CONFIDENTIAL -
10  SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to
11  protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise
12  until such time as the Court may rule on a specific document or issue.

13  **14. Persons Bound.**  This Order shall take effect when entered and shall be
14  binding upon all counsel and their law firms, the parties, and persons made subject
15  to this Order by its terms.

16  **15.   Production of Documents by the U.S. Food and Drug**
17  **Administration.**   The following paragraph 15 will govern the production of
18  documents by the U.S. Food and Drug Administration ("FDA") produced
19  pursuant to the May 24, 2018 subpoena issued by Plaintiff in the instant case (the
20  "Subpoena").  The FDA will not be subject to any obligation(s) imposed by any
21  other paragraph(s) of this Amended Consent Confidentiality Order.

22  Much of the materials submitted to the FDA contain trade secrets and other
23  confidential commercial information.  The FDA is prohibited from disclosing
24  information obtained through its regulatory functions that consists of trade secrets
25  or confidential commercial information.  The Trade Secrets Act, 18. U.S.C.
26  §1905, prohibits the release of trade secret information unless otherwise
27  authorized by law.  Similarly, the FDA is specifically prohibited from releasing
28  trade secret information in a judicial proceeding that is not brought under the

**AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 9**

Federal Food, Drug, and Cosmetic Act.   21 U.S.C. §331(j).   With respect to confidential commercial information, the Trade Secrets Act prohibits the release of such information unless otherwise authorized by law.   18 U.S.C. §1905. Moreover, FDA regulations provide that trade secrets and privileged or confidential commercial information are not available for public disclosure.   21 C.F.R. § 20.61.

In order to provide records responsive to the Subpoena and at the same time comply with applicable law, the FDA must obtain the permission of Novartis to release documents that contain the company's valuable trade secrets and confidential commercial information. Novartis has agreed to grant permission to the FDA to release certain responsive documents pertaining only to the prescription drug, Tegretol®, subject to appropriate redaction, only upon entry of a suitable order sufficient to protect its proprietary interests. Novartis does not grant permission to FDA to release information pertaining to any other Novartis-manufactured drug specifically including, but not limited to, Trileptal®.

Accordingly,

(a) All documents produced by the FDA pursuant to the Subpoena shall be treated as though they may contain trade secrets or confidential commercial information and shall be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

(b) All documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to or discussed with any persons except:

(i) The Court;

(ii) Counsel of record for Plaintiff and the employees of such counsel (including legal assistants, investigators and other persons employed and supervised by such counsel) necessary to assist such counsel in this action; and

AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 10

(iii)   Experts or Consultants retained by Plaintiff's counsel in connection with the litigation of this action, provided that prior to the disclosure of any materials to such individuals the party proposing to make such disclosure shall deliver a copy of this Protective Order to the individual, shall explain its terms to the individual, and shall secure the signed agreement of the individual to abide by the terms of this Protective Order.

(c) If Plaintiff desires to utilize any of the documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for any purposes during the trial in the above captioned matter, the following procedures shall be followed:

(i)   Any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" actually admitted into evidence shall be placed under seal of the Court, subject only to the inspection of the jury empaneled in this matter and the parties identified in Paragraph 2;

(ii)   Any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" used for any purposes during trial but not admitted into evidence shall be retained by the offering party and, in accordance with Paragraph 15(b) above, shall not be further disseminated.

(d) Upon completion of this litigation, all copies of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be returned to the FDA, or, in the alternative, destroyed by the attorneys in possession of such material.  If the attorneys opt to destroy the documents subject to this Protective Order, they shall certify in writing to the FDA, within five (5) days of destruction, that all such documents have been destroyed.   Documents marked "CONFIDENTIAL – SUBJECT TO

1    PROTECTIVE ORDER" which were admitted into evidence at trial as

2    described in Paragraph 15(c) of this Protective Order, shall remain under

3    seal.

4    (e) Violation of any of the provisions of this Protective Order shall result in

5    the imposition of penalties and sanctions to be determined by the Court.

6    The Court shall retain jurisdiction to enforce the provisions of this

7    ~~Protective Order~~ *paragraph 15* beyond the term of this action.

8    *So Ordered.*

9    DATED: September 26, 2018            *Alicia G. Rosenberg*

10                                        United States Magistrate Judge

11

12   WE SO MOVE/CONSENT                   WE SO MOVE/CONSENT
     and agree to abide by the            and agree to abide by the
13   terms of this Order                  terms of this Order

14
     DATED:  September 13, 2018           DATED:  September 13, 2018
15

16   */s/ Connor G. Sheehan*              */s/ Matt Malinowski*
     Connor G. Sheehan                    Matt Malinowski
17   Texas Bar No. 24046827               mmalinowski@hollingsworthllp.com
     csheehan@dunnsheehan.com             Katharine R. Latimer
18   William D. Dunn                      klatimer@hollingsworthllp.com
19   Texas Bar No. 24002023               **HOLLINGSWORTH LLP**
     ddunn@dunnsheehan.com                1350 I Street NW
20   **DUNN SHEEHAN LLP**                 Washington, DC 20005
21   3400 Carlisle Street, Suite 200      * *Admitted pro hac vice*
22   Dallas, Texas 75204
     * *Admitted pro hac vice*            Steven R. Platt
23                                        State Bar No. 245510
24   Karen Barth Menzies                  splatt@pmcos.com
     State Bar No. 180234                 **PARKER, MILLIKEN, CLARK, O'HARA &**
25   kbm@classlawgroup.com                **SAMUELIAN P.C.**
26   **GIBBS LAW GROUP LLP**              555 S. Flower Street, 30th Floor
     400 Continental Blvd., 6th Floor     Los Angeles, California 90071
27   El Segundo, California 90245
28                                        **ATTORNEYS FOR DEFENDANT**
     **ATTORNEYS FOR PLAINTIFFS**

**AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 12**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER QUINN-WHITE and KERRY WHITE, ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NOVARTIS PHARMACEUTICALS ) <br> CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Cause No. 2:16-CV-04300-PSG-AGR <br><br> **CONSENT CONFIDENTIALITY ORDER** <br><br> Hearing Date: March 12, 2018 <br> Time: 1:30 P.M. <br> Judge: Philip S. Gutierrez <br> Courtroom: 880 |

**ACKNOWLEDGMENT**

**AND**

**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER** in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

**AMENDED CONSENT CONFIDENTIALITY ORDER – PAGE 13**